936 So.2d 215 (2006)
Wanda TURLEY
v.
PLAQUEMINES PARISH SCHOOL BOARD.
No. 2005-CA-0864.
Court of Appeal of Louisiana, Fourth Circuit.
June 28, 2006.
Julie Richard-Spencer, Robein, Urann & Lurye, P.L.C., Metairie, LA, for Plaintiff/Appellant.
Darryl W. Bubrig, Sr., District Attorney, Belle Chasse, LA and Gilbert V. Andry IV, Assistant District Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
Appellant, Wanda Turley, appeals a judgment of the 25th Judicial District Court upholding the decision of the Plaquemines Parish School Board discharging her as a tenured bus driver. We affirm the judgment of the District Court.

FACTS AND PROCEDURAL HISTORY
Wanda Turley ("Mrs. Turley") was a ten-year veteran, tenured school bus driver with the Plaquemines Parish School Board ("Board"). On August 31, 2000,[1] Mrs. Turley had a meeting with her supervisor, Emile Rondey ("Mr.Rondey"), where she complained that the children in the Oakville area of Belle Chasse often stood too far off the road. According to Mr. Rondey, he gave her a directive with two *216 options. First, to either pull off to the shoulder of the road and get off the highway to pick the children up or to "go ahead and make the block and pick them up." Mr. Rondey testified that Mrs. Turley responded "no" to both options. He told her she "had better pick the children up Tuesday morning." Mrs. Turley responded by saying, "let Laura Tate [to] deal with those people" and she left the office. Shortly after Mrs. Turley left Mr. Rondey's office, he testified that two secretaries of the Board's transportation office, Lana Agaisse and Meg Paolini, came to his office and reported that Mrs. Turley said, "I told him" referring to Mr. Rondey, "that I was not going to cater to a bunch of little [N words]." Mr. Rondey reported the incident to Superintendent James Hoyle ("Superintendent Hoyle") who told him to "write Mrs. Turley up" and recommend termination.
On September 5, 2000, Mr. Rondey completed an incident report where he recounted the August 31, 2000 incident in his office and recommended that Mrs. Turley be terminated for "refusal to do her run as directed and for racial comments made in the Belle Chasse Transportation office in front of my secretaries." On that same date, Mrs. Turley received a suspension letter from Superintendent Hoyle where she was notified that she was suspended with pay for insubordination and a racial statement. Mrs. Turley was also informed that the investigation could lead to reprimands and/or termination and the investigative procedures would begin on September 8, 2000, at 9:30 a.m. at the Board office where she would be given an opportunity to explain her position. Mrs. Turley attended the meeting and denied the allegations.
On September 15, 2000, Superintendent Hoyle sent Mrs. Turley a letter advising her that the investigation was on-going and she would be notified no later than September 29, 2000, of the final decision. Mrs. Turley received a letter dated September 22, 2000, from Superintendent Hoyle informing her that he would meet with her on September 29, 2000, to render his decision.
A certified letter was mailed to Mrs. Turley on October 6, 2000, informing her that at the Board's October 2, 2000 meeting a tenure hearing was to be held based on the charge of willful neglect of duty pursuant to La. R.S. § 17:443.[2] The tenure hearing was scheduled for November 9, 2000. The charge of willful neglect of duty stated:
While in the course and scope of your employment as a school bus driver with a Belle Chasse area route, on September 1, 2000, while you were in the School Board Transportation Office, 509 F. Edward Hebert Boulevard, Belle Chasse, Louisiana, you blatantly refused two valid directives from you immediate supervisor, Mr. Emile Rondey, Director of Transportation. Mr. Rondey offered several directives in order to safely pick up the students from Oakville, who, while waiting for the bus, stand back from the shoulder of the road on Highway 23. The directives specifically were: 1) to pull off Highway 23 and load the students from Oakville or 2) to drive around the block in Oakville and pick up the students. These constituted safety measures, which are paramount to the health and well-being of our children. You refused both of these directives.
Additionally, before you left the Transportation Department's office, you used the racial slur "[N word]" in *217 referring to the children of the town of Oakville, parish of Plaquemines, state of Louisiana. The two secretaries in the Transportation Department's office, Mrs. Lana Agaisse and Mrs. Mary "Meg" Paolini, witnessed this remark.
The letter also informed Mrs. Turley that she had a right to a private or public hearing at her option. She also had a right to full discovery and to appear before the Board with counsel. The Board stated that it would subpoena witnesses on her behalf if she provided a list of witnesses by October 18, 2000. The Board listed its witnesses in the letter and notified Mrs. Turley that if after a hearing, the Board, by a preponderance of evidence, found her guilty of willful neglect of duty, she would be discharged.
Counsel for Mrs. Turley requested a continuance of the hearing and it was rescheduled for December 14, 2000. Mrs. Turley testified and learned of the Board's decision at the hearing. The Board voted to dismiss the charge of insubordination against Mrs. Turley but upheld a charge of use of improper language.
After the ruling of the Board, Mrs. Turley filed a Petition for Review of Decision. The trial court upheld the Board's decision stating:
The allegations of fact by the School Board that the tenured bus driver, Wanda Turley, had used the "N" word while performing her duties, and noting the school board's bus driver handbook that "... Under no circumstances will any communications of a demeaning or derogatory manner be tolerated and will result in disciplinary action ...," and after reviewing the entire record submitted to this court, this court finds that the hearing conducted was in accordance with the authority and formalities of the statutes. The findings of fact were supported by substantial evidence and the hearing body's conclusions from these factual findings were not arbitrary nor constituted an abuse of the School Board's discretion.
Mrs. Turley appealed the ruling of the trial court claiming that the District Court erred in finding that the Board complied with the formalities of La. R.S. § 17:493(C) and the District Court erred in concluding that the charges against Mrs. Turley were supported by substantial evidence.

STANDARD OF REVIEW
The standard for reviewing a school board's decision after a tenure hearing is twofold: 1) determination of whether the hearing was conducted in accordance with the formalities of the tenure law and 2) determination of whether the decision is based on substantial evidence. Coleman v. Orleans Parish Sch. Bd., 93-0916 (La.App. 4 Cir. 2/5/97), 688 So.2d 1312.

La. R.S. § 17:493
Mrs. Turley's first assignment of error alleges that the District Court erred in finding that the Board complied with the formalities of La. R.S. § 17:493(C), which states in pertinent part:
If a permanent school bus operator is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty ... the superintendent with approval of the board shall furnish to the school bus operator a written statement of removal or discipline, which shall include but not be limited to the exact reason, offense, or instance upon which the recommendation is based. Such operator may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter.
*218 The record reflects that Mrs. Turley was provided with several letters detailing the charges against her, but after the December 14, 2000 tenure hearing the record is devoid of evidence documenting that she was provided with a written statement as outlined above. However, she learned of the Board's decision to terminate her employment at the hearing. Before Superintendent Hoyle's written statement was issued and without seeking to compel its issuance, Mrs. Turley filed a petition for review of the Board's decision from December 14, 2000. The District Court, upon review of the record, found that the hearing was conducted in accordance with the statute, the Board's findings of fact were supported by substantial evidence, and the Board's decision was neither arbitrary nor an abuse of discretion. In his reasons for judgment, the trial court did not address the absence of Superintendent Hoyle's final written statement regarding the reasons for termination.
La. R.S. 17:493(A) requires that a bus operator may only be removed upon written and signed charges and after a hearing. It is undisputed that Mrs. Turley was afforded ample notice of the charges against her and a full hearing on those charges in compliance with the statute and constitutional due process.
The question in this case is which party violated the statutory provision and what is the remedy for the violation. Section C provides, in effect, that a terminated bus operator has one year to appeal the Board's reasons for termination. Mrs. Turley, however, did not wait for Superintendent Hoyle's written reasons to file her petition for review in the District Court. As such, her petition was filed prematurely. Superintendent Hoyle's failure to comply with the statutory requirement to provide a written statement may extend the prescriptive period for filing a petition for review in District Court, but there is no basis in the statute for reversing the Board's decision and reinstating a bus operator because a plaintiff files her petition prematurely.[3]
Mrs. Turley made no effort to compel issuance of the written statement and seeks reinstatement. Moreover, 41 months elapsed between the filing of Mrs. Turley's petition for review and the issuance of the District Court's judgment. Therefore, we find this argument is without merit.

Substantial Evidence
Mrs. Turley's also argued that the District Court erred in concluding that the charges against her were supported by substantial evidence. Mrs. Turley blatantly ignored two directives issued to ensure the safety of the children of Oakville, insisting that the children should stand on the shoulder of Highway 23 for pickup and refusing to drive around the block to pick them up at the local church. While doing so, she used the "N" word more than once. Several witnesses testified that Mrs. Turley used this language at the Board's hearing. Therefore, we find no merit in this argument.

DECREE
For the reasons stated above, we affirm the decision of the District Court.
AFFIRMED.
JONES, J., concurs.
NOTES
[1] The correspondence in the record refers to the date of the alleged racial slur as August 31, 2000, and as September 1, 2000.
[2] We assume the Board meant to cite La. R.S. § 17:493 because it applies to school bus drivers and La. R.S. § 17:443 applies to tenured teachers.
[3] The Board did not raise the dilatory exception of prematurity. By filing suit without waiting for Superintendent Hoyle's written reasons, Mrs. Turley waived her right to object to the absence thereof.